FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALI ABED YASER,<br><br>Defendant. | No. 4:21-CR-06042-SMJ-1<br><br>ORDER GRANTING UNITED STATES' MOTION FOR DETENTION<br><br>**ECF No. 69** |

On Thursday, December 16, 2021, the Court conducted a detention hearing in accordance with 18 U.S.C. § 3142(f). With his consent, Defendant appeared by video from Benton County Jail. Defendant was represented by Assistant Federal Defender Craig Webster and assisted by interpreter Amine El Fajri. Assistant United States Attorneys George Jacobs III and Dominique Park represented the United States.

The Court admitted Exhibit 1, offered by the United States (ECF No. 109), and also considered the Pretrial Services Report (ECF Nos. 79, 107) and the arguments and proffers of counsel. To decide whether conditions of release would

ORDER GRANTING UNITED STATES' MOTION FOR DETENTION - 1

reasonably assure Defendant's appearance in court and the safety of the community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;
2. The weight of the evidence against the Defendant;
3. The history and characteristics of the Defendant; and
4. The nature and seriousness of the danger the Defendant would present to the community if released.

Defendant is charged with 64 counts. The charges are:

- 39 counts of mail fraud (counts 58-96),
- 15 counts of wire fraud (counts 97-111),
- two counts of tampering with a witness (counts 129 and 133),
- two counts of attempted tampering with evidence (counts 132 and 135),
- two counts of making false statements within the jurisdiction of the executive branch (counts 136 and 137),
- attempted obstruction of an official proceeding (counts 134),
- conspiracy to obstruct an official proceeding (count 128),
- conspiracy to commit mail fraud and wire fraud (count 126), and
- conspiracy to commit health care fraud (count 127).

The Indictment, ECF No. 1, alleges these charges arose in the context of a fraud scheme in which Defendant and others staged vehicle accidents in order to defraud various insurance agencies and collect insurance money in order to enrich themselves.

ORDER GRANTING UNITED STATES' MOTION FOR DETENTION - 2

1   The charges in this case are serious and demonstrate alleged conduct that is
2   broad in scope and time.  The Court has significant concerns about the nature of
3   the offenses, particularly in light of the number of charges that relate to obstructive
4   behavior, including allegations of witness tampering, evidence tampering, and
5   obstructing official proceedings.  Indeed, the sheer number of charges related to
6   obstructive conduct is unlike any case the Court has seen.  And the allegations
7   related to that conduct are very serious; the Indictment alleges that Defendant
8   made threats to kill individuals suspected of informing law enforcement about the
9   alleged scheme and also made threats against the family members of suspected
10  informants.  *See, e.g.,* ECF No. 1 at 60, 64.  Additionally, the Indictment alleges
11  that Defendant planned and intended to falsely implicate members of law
12  enforcement in a bribery scheme in order to discredit them.  ECF No. 1 at 60-62.
13  The Court considers allegations of this sort to be very serious.

14  The weight of the evidence is the least important factor and Defendant is
15  entitled to the presumption of innocence.  The United States proffers that it has
16  audio recordings and statements from confidential sources that support the
17  allegations.  The Court finds there is sufficient evidentiary weight to the case to
18  create concerns about risk of danger and risk of nonappearance.

19  As for his history and characteristics, Defendant is 51 years old.  He was
20  born in Iraq and came to the United States as a refugee in 2009.  He became a

ORDER GRANTING UNITED STATES' MOTION FOR DETENTION - 3

naturalized United States citizen in 2016. He lives in Kennewick, Washington, with his ex-wife and three children, one of whom has special needs. He also owns a construction business in Kennewick. Defendant's mother and father and five of his siblings live in Iraq. Defendant has frequent telephonic contact with his parents. Defendant has limited criminal history.

The Court finds that the United States has proffered clear and convincing evidence that Defendant poses a risk of danger to the community that cannot be mitigated by any condition or combination of conditions. More specifically, the United States has proffered evidence that Defendant poses a risk of danger to witnesses involved in this criminal matter, as well as a risk of obstruction. As noted above, the Court has concerns given the sheer number of charges relating to witness tampering and obstructive behavior. The Court is especially concerned by allegations of threats of violence against informants and potential witnesses. The United States has proffered that after the execution of search warrants in this case, Defendant attempted to discover who among his associates was cooperating with the FBI, made threats to kill the individual suspected of cooperating, and made further threats to enlist someone to kill the suspected individual's family in Iraq. *See, e.g.,* ECF No. 108 at 1-2 (noting a confidential witness reported that Defendant stated he would have "finished" an individual suspected of cooperating and "they would not have recognized his face from his foot"); ECF No. 108 at 5

ORDER GRANTING UNITED STATES' MOTION FOR DETENTION - 4

(FBI document indicating that a confidential witness told the investigating FBI agent that Defendant recently threatened to kill a confidential witness and his family because Defendant suspected they were working with the FBI); ECF No. 108 at 6 (FBI document indicating that, after the execution of search warrants, Defendant threatened to kill individuals he suspected of cooperating); ECF No. 108 at 12 (FBI document indicating that Defendant told a cooperating defendant that he would kill the individual and the individual's family and send a video of the killings). The Court appreciates Defendant's argument that these alleged statements have not been ruled admissible for purposes of a criminal trial. However, "the government may proceed in a detention hearing by proffer or hearsay." *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986). Here, the proffer and allegations made by the United States demonstrate a risk of harm to those involved in this criminal matter. While Defendant states he is amenable to conditions such as GPS location monitoring and a substantial bond package, conditions of this sort do not address the risk of danger and therefore do not assuage the Court's significant concerns in this case.

     In addition to a risk of danger, the United States' proffer demonstrates a risk of obstruction that gives the Court concern. The United States proffers that Defendant concocted a plan to implicate both potential witnesses and law enforcement officials in a bribery scheme in order to discredit them. Obstructive

ORDER GRANTING UNITED STATES' MOTION FOR DETENTION - 5

behavior of this sort gives the Court concern because it is the type of behavior that cannot be prevented by court-imposed conditions. Moreover, if conduct of this sort were to be undertaken, it would seriously pervert the ends of justice.

Regarding risk of flight, the United States proffered that a confidential source reported to the assigned FBI agent that Defendant indicated that, if individuals were criminally charged, he would pay the "bill" and flee to Mexico. ECF No. 109 at 14. The Supplemental Pretrial Services Report indicates that, after the execution of search warrants in this case, Defendant sold cars and trailers and the proceeds of those sales are unaccounted for. The Supplemental Pretrial Services Report also provides that Defendant has gold in his possession. The United States also proffered that Defendant has recently purchased multiple homes and placed them in other individual's names. This proffered evidence—including unaccounted for and unclaimed assets and statements that Defendant intends to flee—gives the Court concern about the risk of nonappearance. Moreover, Defendant has substantial foreign travel since relocating to the United States, including to France, Germany, Mexico, Malaysia.

The Court finds by clear and convincing evidence that Defendant poses a risk of danger to the community, and particularly to the potential witnesses in this case, that cannot be overcome by any condition or combination of conditions. The Court separately finds by a preponderance of the evidence that Defendant poses a

risk of flight that cannot be overcome by any condition or conditions of release. Accordingly, the Court grants the United States' Motion for Detention.

**IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 69**) is **GRANTED**.

2. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the Court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

3. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(a), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

4. Defendant is bound over to Judge Salvador Mendoza, Jr. for further proceedings.

DATED December 22, 2021.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER GRANTING UNITED STATES' MOTION FOR DETENTION - 7